UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BADER FAMILY FOUNDATION,<br>1236 N. Stafford St., Arlington, VA 22201<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br><br>COUNCIL OF THE INSPECTORS GENERAL<br>ON INTEGRITY AND EFFICIENCY,<br>1750 H Street NW, Suite 400<br>Washington, DC 20006<br><br>　　　　　　　　　　　Defendant. | Civil Action No. 25-745 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff alleges as follows, against the defendant Council of the Inspectors General on Integrity and Efficiency (CIGIE):

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under a FOIA request it submitted on January 30, 2025, for certain records generated in late January 2025, such as specified records about the termination of inspectors general.

3) Defendant has failed to provide plaintiff with either the records requested in its FOIA request, or the determination in response to plaintiff's FOIA requests mandated by 5 U.S.C. § 552(a)(6)(A)(i).

4) FOIA generally requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the

1

documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

5) That 20-day deadline expired by February 28, 2025.

6) But by that date, Defendant neither provided a determination about what records will be produced, nor produced any records in response to plaintiff's request.

7) Defendant still has provided no such determination, and it still has provided none of the records sought by plaintiff's FOIA request, even though the statutory deadline for responding to plaintiff's FOIA request has passed.

8) Defendant acknowledged receiving plaintiff's FOIA request in a February 3, 2025 letter.

9) But it did not indicate when, if ever, records would be released in response to plaintiff's FOIA request.

10) More than six weeks have passed without any requested documents being produced and without any determination being issued in response to the FOIA request.

11) Due to Defendant's failure to provide any determination, and its failure to provide any responsive records, plaintiff has filed this lawsuit to compel it to comply with the law.

## PARTIES

12) The plaintiff, the Bader Family Foundation (BFF), is a non-profit, 501(c)(3) tax-exempt foundation.

13) Defendant Council of the Inspectors General on Integrity and Efficiency (CIGIE) is a federal agency covered by FOIA, 5 U.S.C. § 552(f)(1). CIGIE was established in October 2008 as an independent entity within the United States executive branch by the Inspector General Reform Act (IGRA). *See* 122 Stat. 4302–4317 (2008). It has possession, custody, and control of the records Plaintiff seeks from it.

## JURISDICTION AND VENUE

14) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and also 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

15) Venue is proper because FOIA vests venue in this court, regardless of the location of the parties, *see* 5 U.S.C. § 552(a)(4)(B); *In re Scott,* 709 F.2d 717, 720 (D.C. Cir. 1983) ("Section 552(a)(4)(B) reflects an express congressional design to render the District of Columbia an all-purpose forum in FOIA cases").[1] Venue is also proper because defendant is headquartered in Washington, D.C.

## FACTUAL AND STATUTORY BACKGROUND

16) On January 30, 2025, plaintiff submitted a FOIA request to CIGIE.

17) The FOIA request was submitted on behalf of the Bader Family Foundation and *Liberty Unyielding*, which is a blog.

18) That January 30, 2025 FOIA request sought the following records:

> 1. All emails sent on or after January 20, 2025, and before February 1, 2025 about whether a termination notice to an inspector general or multiple inspectors general complies with the requirements set out in federal law.
>
> 2. All emails sent on or after January 20, 2025, and before February 1, 2025 about whether a termination notice to an inspector general or multiple inspectors general is legally effective.
>
> 3. All memoranda sent on or after January 20, 2025, and before February 1, 2025 about whether a termination notice to an inspector general or multiple inspectors general complies with the requirements set out in federal law.

---

[1] *See also* Department of Justice Guide to the Freedom of Information Act, pg. 722 n. 35 ("5 U.S.C. § 552(a)(4)(B)" provides "for venue in any of four locations," including the U.S. District Court for the District of Columbia).

    4. . All memoranda dated on or after January 20, 2025, and before February 1, 2025 about whether a termination notice to an inspector general or multiple inspectors general complies with the requirements set out in federal law.

    5. All emails sent on or after January 22, 2025 and before February 1, 2025, to or from Phyllis Fong.

    6. All emails sent on or after January 22, 2025 and before February 1, 2025, to or from the U.S. Department of Agriculture's Office of Inspector General.

    7. All emails sent on or after January 22, 2025 and before February 1, 2025, to or from Larry Turner.

    8. All emails sent on or after January 22, 2025 and before February 1, 2025, to or from the U.S. Department of Labor's Office of Inspector General.

    9. All emails sent on or after January 22, 2025 and before February 1, 2025, to or from Michael Horowitz.

    10. All emails sent on or after January 22, 2025 and before February 1, 2025, to or from the U.S. Department of Justice's Office of the Inspector General.

19) It also requested that the records be produced "in electronic form, including any metadata."

20) On February 3, 2025, CIGIE acknowledged receiving plaintiff's FOIA request, in a letter from FOIA Officer Roger Andoh, which stated, among other things, that "This is in response to your Freedom of Information Act (FOIA) request dated January 30, 2025, to the Council of the Inspectors General on Integrity and Efficiency (CIGIE). This request was assigned FOIA case number 6330-2025-069…. This letter serves to acknowledge your request."

21) To this day, CIGIE has not provided plaintiff with any determination in response to plaintiff's FOIA request, and it has released no responsive records.

22) FOIA, in 5 U.S.C. § 552(a)(6)(A)(i), requires an agency to make a determination in response to a FOIA request within 20 working days from its date of receipt.

23) But Defendant did not make a determination about what records will be produced in response to plaintiff's requests within 20 business days from its date of receipt.

24) February 28, 2025 was 20 working days after the date (January 30, 2025) that CIGIE received plaintiff's FOIA request.

25) Under FOIA, an agency must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

26) Defendant provided no such information to plaintiff, even though plaintiff's request reasonably described the records sought.

27) Nor has Defendant provided an interim response indicating that it is processing records and expects to produce them by a particular future date.

28) Instead, Defendant has improperly withheld agency records.

29) Due to Defendant's failure to comply with the statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.

30) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); *see CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013).

31) Plaintiff's FOIA request contained a request for a fee waiver, explaining in the subject line of the email containing the FOIA request that a "fee waiver [was] requested" and further explaining in the body of the FOIA request that fees should "not be charged for

anything other than duplication (and also not for the copying costs of the first 100 pages of duplication) because Liberty Unyielding is a blog" that qualifies as "news media."

32) Defendant's letter acknowledging plaintiff's FOIA request did not mention this fee-waiver request. Nor did it deny that plaintiff was entitled to a fee waiver.

33) Because defendant did not comply with FOIA's deadline for issuing a determination, it has waived the right to collect fees, such as search fees, for processing plaintiff's FOIA request.

34) In *Bensman v. National Park Service*, 806 F.Supp.2d 31 (D.D.C. 2011), this Court noted that "the 2007 [FOIA] Amendments … impose consequences on agencies that …. fail to comport with FOIA's requirements….To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with any time limit' of FOIA." *See also* 5 U.S.C. § 552(a)(4)(A)(viii)(I).

35) Moreover, it would be inappropriate to charge fees for an additional reason: the records sought in plaintiff's FOIA request are of public interest, and producing them would be of public benefit. When responsive records are produced to plaintiff in FOIA lawsuits, they are generally disseminated to the Liberty Unyielding blog, which posts such records, and thus makes them available to the public, sometimes resulting in news coverage by media entities with large readerships.[2]

---

[2] *See, e.g.*, Ashe Schow, *Biden Administration Knew Its Racial Preferences For COVID Relief Were Unconstitutional, Went Ahead Anyway*, Daily Wire, Aug. 21, 2021 (quoting & linking to records posted by the Liberty Unyielding blog that were produced in a Bader Family Foundation FOIA lawsuit) (available at https://www.dailywire.com/news/biden-administration-knew-its-racial-preferences-for-covid-relief-were-unconstitutional-went-ahead-anyway). Daily Wire

36) News coverage of the termination of multiple inspectors general in January 2025 shows the newsworthy nature of plaintiff's FOIA request. *See, e.g.,* Chris Pandolfo & Lucas Tomlinson, *Trump fires 17 government watchdogs at various federal agencies*, Fox News, Jan. 25, 2025, https://www.foxnews.com/politics/trump-fires-17-government-watchdogs-various-federal-agencies; Andrea Margolis, *USDA responds to report that official was escorted out of office after 'refusing to comply' with Trump firing*, Fox News, Jan. 29, 2025, https://www.foxnews.com/politics/usda-official-fired-trump-admin-escorted-office-refusing-comply-termination.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

37) Plaintiff re-alleges paragraphs 1-36 as if fully set out herein.

38) Defendant is improperly withholding agency records.

39) Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to the records described in its FOIA request, and any attachments thereto;

   b. Defendant's processing of plaintiff's FOIA request is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA;

   c. Defendant has a duty to produce the records responsive to plaintiff's FOIA requests;

   d. Defendant has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

---

stories have many readers. Similarweb stated that the Daily Wire had over 18 million visits to its web site in both January 2025 and February 2025, a higher number than the Boston Globe or Baltimore Sun. *See* https://www.similarweb.com/website/dailywire.com/.

40) Plaintiff re-alleges paragraphs 1-39 as if fully set out herein.

41) Plaintiff is entitled to injunctive relief compelling Defendant to issue a determination in response to plaintiff's FOIA request;

42) Plaintiff is entitled to injunctive relief compelling Defendant to produce the records described in plaintiff's FOIA request, without charging any fees.

43) Plaintiff asks the Court to issue an injunction ordering Defendant to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA request, and any attachments thereto.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

44) Plaintiff re-alleges paragraphs 1-43 as if fully set out herein.

45) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

46) This Court should enter an injunction ordering Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 14th day of March, 2025,

    /s/ Hans F. Bader
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1236 N. Stafford St.
Arlington, VA 22201
(703) 399-6738

*Attorney for Plaintiff*